IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-CV-00058-FDW

| | |
|---|---|
| CHARLES L. PICKENS, JUSTIN M. LANASA, ) ) Plaintiffs, ) ) v. ) ) FRANK PERRY, CHAD GREENE, ) B. SEEKINS, DANNY DALTON, ) CARLOS HERNANDEZ, ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** is before the Court on its own motion.

On March 16, 2015, Plaintiffs initiated this action by filing a document entitled "Order to Show Cause for an [sic] Preliminary Injunction." (Doc. No. 1). In this document, Plaintiffs presented vague and conclusory allegations that one or more of the defendants are mistreating them but these allegations are scant at best.

On March 17, 2015, the Clerk mailed Plaintiffs 1983 Complaint forms which are utilized in this District; however, the Plaintiffs had failed to return the completed complaint forms as of April 22, 2015. That same day, the Court entered an Order which informed Plaintiffs that they must return the completed 1983 complaint forms within 14-days from entry of the Order and that failure to do so would result result in dismissal of this action and without further notice. Plaintiffs were also ordered to submit proof that they have completed the Three-Step Administrative Remedy Procedure (ARP) which was to include copies of the grievances and responses thereto in each of the three steps of the ARP. However, to date neither of the Plaintiffs have submitted a completed

1

1983 complaint form or any evidence of their participation in the administrative remedy procedure.

Plaintiffs have a general duty and responsibility to prosecute their cases and in the instant case the Plaintiffs appear to have completely abandoned their case. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Federal Rule of Civil Procedure 41(b) provides as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Based on the foregoing, the Court will dismiss this action for failure to prosecute.

**IT IS, THEREFORE, ORDERED** that this civil action is **DISMISSED without prejudice** for failure to prosecute.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 15, 2015

Frank D. Whitney
Chief United States District Judge